# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JESUS LOBATON, an individual; HEDY JULCA, an individual; DIEGO STEVEN LOBATON, an individual; and B.C., a minor, by and through his guardian ad litem, HEDY JULCA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation; NATHAN PARGA, an individual; KELVIN LUJAN, an individual; SAM EULER, an individual, ALI BAKHSHI, an individual, and DOES 1 through 200, inclusive,<br><br>Defendants. | CASE NO. 3:15-cv-1416-GPC-DHB<br><br>**ORDER DENYING MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[ECF No. 9] |

Before the Court is Defendants' September 23, 2015 Motion to Strike Portions of Plaintiffs' First Amended Complaint ("Def. Mot."). ECF No. 9. The motion has been fully briefed. Pl. Opp., ECF No. 11; Def. Reply, ECF No. 12. Upon consideration of the moving papers and the applicable law, and for the following reasons, the Court **DENIES** Defendants' motion to strike.

## BACKGROUND

Plaintiffs are a Hispanic family of four, mother Hedy Julca and sons Luis, Diego,

and minor "B.C.," who allege that San Diego police officers violated their constitutional and state-law rights during the course of the arrest and/or detention of Hedy, Luis, and Diego on the premises of their family store in City Heights, a neighborhood of San Diego. Am. Compl. ¶¶ 1–2, ECF No. 3. On June 26, 2015, Plaintiffs filed suit in federal court against the City of San Diego and a number of individual San Diego police officers. Compl., ECF No. 1. On August 20, 2015, Plaintiffs filed an amended complaint. Am. Compl. The amended complaint includes nine causes of action: federal claims for (1) a § 1983 cause of action for unlawful search and seizure and excessive force against the individual defendants by Hedy, Luis, and Diego; (2) a *Monell* cause of action for failure to hire/train/supervise against the City of San Diego by Hedy, Luis, and Diego; (3) a *Monell* cause of action for a pattern and practice of illegal seizure against the City of San Diego by Luis; and state law claims for (4) assault and battery; (5) violations of Cal. Civ. Code. § 52.1; (6) false arrest/imprisonment; (7) negligent infliction of emotional distress; (8) invasion of privacy; and (9) negligence. Am. Compl. ¶¶ 32–81.

On September 23, 2015, Defendants filed their motion to strike portions of Plaintiffs' amended complaint. *See* Def. Mot. 3–5. On October 16, 2015, Plaintiffs filed an opposition. Pl. Opp. On October 28, 2015, Defendants filed a reply. Def. Reply. On November 19, 2015, this Court vacated the scheduled hearing on the motion to strike and submitted the motion based on the papers. Nov. 19, 2015 Minute Order, ECF No. 13.

**LEGAL STANDARD**

Under Fed. R. Civ. P. Rule 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." "A motion to strike is a matter of discretion for the Court and may be appropriate where it will streamline the ultimate resolution of the action." *Griffin v. Gomez*, No. C 98-21038 JW (NJV), 2010 WL 4704448, at *4 (N.D. Cal. Nov. 12, 2010) (citing *Federal Savings and Loan Insurance Corp. v. Gemini Management*, 921 F.2d 241, 244 (9th Cir.1990); *Fantasy,*

*Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"However, motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Griffin*, 2010 WL 4704448, at *4 (citing *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992)); *see also* § 1382 Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) (noting that "because federal judges have made it clear . . . that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or 'time wasters,' there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action" (citations omitted)). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Park v. Welch Foods, Inc.*, No. 5:12-CV-06449-PSG, 2014 WL 1231035, at *1 (N.D. Cal. Mar. 20, 2014) (quoting *In re Walmart Stores, Inc. Wage & Hour Litig.*, 505 F.Supp.2d 609, 614 (N.D. Cal. 2007) (internal quotation marks omitted).

"Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading." *Moreno v. USG Corp.*, No. CIV 06-CV-2196BPCL, 2007 WL 951301, at *1 (S.D. Cal. Mar. 19, 2007) (quoting 5C Fed. Prac. & Proc. Civ. § 1382) (internal quotation marks omitted). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fogerty*, 984 F.2d at 1527 (quoting 5C Fed. Prac. & Proc. Civ. § 1382). "'[I]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting 5C Fed. Prac. & Proc. Civ. § 1382). "Scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." *Moreno*, 2007 WL 951301, at *1 (quoting 5C Fed.

Prac. & Proc. Civ. § 1382). "It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." 5C Fed. Prac. & Proc. Civ. § 1382 (citing cases).

## DISCUSSION

Defendants move to strike the following paragraphs from Plaintiffs' Amended Complaint. Paragraphs 16 to 19 of the amended complaint describe a March 17, 2015 report on the San Diego Police Department ("Department") undertaken by the Department of Justice's ("DOJ") Office of Community Oriented Policing Services, which examined seventeen police misconduct cases involving the Department and made reformatory suggestions. Paragraphs 21 and 22 describe one of the alleged "catalysts" for the issuance of the DOJ report, the arrest and eventual conviction of a San Diego police officer for repeated sexual assaults of female detainees. Paragraph 24 describes allegations of racial bias by the Department, including data suggesting that San Diego police officers disproportionately stop Hispanic and African American drivers in traffic stops. Paragraph 27 describes allegations that San Diego police officers disproportionately use force when compared to other cities of similar size, the number of recent officer-related shootings in San Diego over the past three years, and recent community protests over a police shooting in City Heights. *See* Am. Compl. ¶¶ 16–19, 21–22, 24, 27.

Defendants describe these portions of the amended complaint as "essentially an anti-San Diego Police Department tirade with no substantive allegations against any particular defendant." Def. Mot. 4. Defendants argue that "[n]one of these allegations contained in any of these paragraphs bear any connection to a single cause of action against any of the Defendants," and that "not one of them are relevant and all of them are immaterial to Plaintiff's claims." *Id.*

Plaintiffs respond that the contested portions of the amended complaint support their second and third causes of action for *Monell* liability on the part of the City of San Diego for allegedly unconstitutional policies that led to the unlawful arrest and/or

detention of three of the Plaintiffs. *See* Pl. Opp. 5–12. Under *Monell v. Dept. of Social Servs. of City of New York*, a municipality like the City can be sued for "constitutional deprivations visited pursuant to governmental custom." 436 U.S. 658, 690 (1978). To establish municipal liability where a municipality's inaction in failing to protect the plaintiffs' constitutional rights is the source of the deprivation, the plaintiffs must show that (1) they were deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to the constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)).

First, Plaintiffs argue that Paragraphs 16 to 19 of the amended complaint describing the DOJ report on the Department bolster their contentions that the City has "policies, customs, or usages that have resulted in the inadequate hiring, training, and supervision of officers, including a failure to properly investigate citizen complaints and discipline offending officers." Pl. Opp. 7. Second, Plaintiffs argue that Paragraphs 19, 21, and 22 support Plaintiffs' contention in the amended complaint that a "code of silence" and "culture of coverup" led to the individual Defendants in this case "falsif[ying] their official reports and . . . not report[ing] any misfeasance among themselves." *Id.* at 9–11. Third, Plaintiffs argue that Paragraphs 24 and 27 support their allegations that customs of racial bias and the use of disproportionate force, particularly in the neighborhood where the present events took place, contributed to the violation of Plaintiffs constitutional rights in the present case. *Id.* at 11–12.

Viewing the challenged paragraphs, the Court finds that Defendants have failed to establish that these portions of the amended complaint "have no possible relation or logical connection" to the subject matter of this case. Plaintiffs have made colorable arguments that the allegations in the contested paragraphs could have some relevance to their *Monell* claims that the City of San Diego's policies, customs, or usages were the moving force behind the violation of their constitutional rights. Since "[a]ny doubt

concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike," the Court declines to exercise its discretion to strike the contested portions of the Complaint at the present time.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Portions of Plaintiffs' First Amended Complaint, ECF No. 9, is **DENIED**.

**IT IS SO ORDERED.**

DATED:  December 2, 2015

HON. GONZALO P. CURIEL
United States District Judge