UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JESUS LOBATON, an individual; HEDY JULCA, an individual; DIEGO STEVEN LOBATON, an individual; and "B.C." a minor, by and through his mother and guardian ad litem, Hedy Julca, <br><br>                           Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation; NATHAN PARGA, an individual; KELVIN LUJAN, an individual, SAM EULER, an individual; ALI BAKHSHI, an individual, and DOES 1 through 200, inclusive,<br><br>                           Defendants. | Case No.: 15cv1416-GPC (DHB)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF NO. 23]** |

      On July 22, 2016, the parties filed a Joint Motion for Protective Order. (ECF No. 23.) Good cause appearing IT IS HEREBY ORDERED that the Joint Motion is

GRANTED.[1]  Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Protective Order:

/ / /

/ / /

    1.    Definitions of terms used in this Stipulated Protective Order ("Protective Order") are:

    (a)    "Proceeding" means the matter captioned *Luis Lobaton, et al. v. City of San Diego, et al.,* Case No. 15cv1416-GPC (DHB) in the United States District Court for the Southern District of California.

    (b) "Confidential" refers to:  1) the address, telephone number, and drivers' license number of any law enforcement officer; 2) the name, address, telephone number, drivers' license number, photograph, or likeness of any victim other than Plaintiffs herein; 3) the private financial information, including social security number, of any party or witness; 4) the private medical information, including psychiatric or psychological information, of any party or witness, except such medical information as may be relevant to any propensities for violence or history of violence of any police officer involved in the arrest of any Plaintiff; 5) all training materials, including written materials, photographs, documents, and videos utilized by the City of San Diego and the San Diego Police Department and/or its agents, employees, and authorized representatives; 6) all patrol car location data, including but not limited to, GPS data, AVL data, and/or documents in the possession of the City of San Diego and/or the San Diego Police Department that track and/or identify the locations of each individual San Diego Police Department patrol car; and 7) all documents which identify the individual members of the San Diego Police Department assigned to each patrol car.

---

[1] The Parties' proposed language has been modified by the Court.  Specifically, the Court declines to retain jurisdiction following the dismissal of this action, and therefore did not adopt paragraph 16 of the parties' proposed protective order.

        (i) Such identifying Confidential Information may be redacted ad initio by the producing party upon production of documents containing such information to the requesting party.

        (ii) The parties further agree that any internal-affairs investigatory documents related to this case, any personnel records of the involved police officers, and medical records of the involved police officers relating to a history or propensity of violence are by nature Confidential Information.

    (c)    "Document" refers to any book, pamphlet, periodical, letter, report, memorandum, notation, message, telegram, cable, record, study, working paper, file, chart, graph, photograph, film, index, tape, correspondence, record of purchase or sale, contract, agreement, lease, invoice, e-mail, electronic or other transcriptions or taping of telephone or personal conversations or conferences, or any and all other written, printed, typed, punched, taped, filmed, or graphic matter, or tangible thing, however produced or reproduced.

    2.    After carefully evaluating each individual document and determining in good faith that specific information contained therein is confidential as defined in Paragraph 1 above, those portions of the document containing such confidential information may be designated as "Confidential" by stamping or typing the designation on a page by page basis. If there is an inadvertent production of documents that bear pages containing an improper designation, those pages may be redesignated by providing written notice to the receiving party. Upon receiving such written notice, the receiving party shall treat the document pages according to the new designation.

    3.    Deposition testimony or other testimony may be designated "Confidential" either before the testimony is given, at the time the testimony is given, or at any time thereafter. The transcript and/or video recording of the designated testimony shall be bound in a separate volume and marked by the court reporter with the appropriate legend as directed by the designating party.

4. Documents containing information designated "Confidential" shall not be disclosed or used for any purpose other than the defense, prosecution, or settlement of this Proceeding, unless all such confidential information is redacted. The parties do not waive any objections to the admissibility of any such documents produced pursuant to this Stipulation and Order

5. Unredacted "Confidential" documents may be seen only by:

(a) this Court and its personnel;

(b) attorneys actively participating in the prosecution of the case, persons employed or associated with such attorneys, the parties themselves, expert witnesses retained and/or consulted by the attorneys working on the case; the Court and its employees; and stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(c) any person from whom testimony is taken, where such person was an author or a recipient of the designated document or where counsel for the designating party has, either before or during the deposition, approved the disclosure of such documents to that person, except that such person may not retain any such documents;

(d) the individual parties and officers, directors and employees of any party; and

(e) federal, state or local law enforcement agents pursuant to subpoena, warrant, or in the course of an investigation of criminal wrong-doing.

Neither unredacted "Confidential" documents nor the confidential information contained therein shall be disclosed to any other persons.

6. Unredacted "Confidential" documents may only be shown to those persons identified in Paragraphs 5(a) through 5(e), inclusive, above  when disclosure of the documents is necessary for purposes of this Proceeding and the disclosing party has obtained written agreement, in the form attached hereto as EXHIBIT A for individuals and EXHIBIT B for organizations, by the person or entity receiving the disclosure to be bound by this Protective Order and to consent to the jurisdiction of the United States District Court

for the Southern District of California for purposes of enforcing this Protective Order. The attorney for the party retaining the expert or consultant or subpoenaing the witness identified in Paragraph 5(c) or (e) above shall retain the written agreement for the duration of the litigation.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents or portions of documents obtained by such party independent of discovery from a party in this Proceeding, whether or not such documents or portions of documents are also obtained through discovery in this Proceeding, or from disclosing its own unredacted "Confidential" documents or portions of documents as it deems appropriate. Nor shall this Protective Order restrict the use or disclosure of documents or portions of documents that:

    (a) are in the public domain at the time of the use or disclosure;

    (b) become part of the public domain after the time of the use or disclosure, through no fault of the receiving party;

    (c) were received from a third party who was under no obligation of confidentiality to the party that produced the documents; or

    (d) are derived or obtained independently of the use or disclosure.

The receiving party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria.

8. If any party, agency or individual, who has received unredacted "Confidential" documents, is served with a subpoena or other judicial process demanding the production or disclosure of such documents, the receiving party, agency or individual shall redact the confidential information, or alternatively:

    (a) shall provide all parties hereto with a copy of such subpoena or other judicial process within ten days following receipt thereof;

    (b) shall inform the subpoenaing party that the requested documents are governed by the terms of the Protective Order in this case; and

(c) shall not disclose or produce unredacted "Confidential" documents unless (i) the subpoenaed party receives written permission from the designating party, or (ii) the designating party fails to file a motion to protect disclosure of such documents. This provision is not applicable to documents sought by federal, state or local law enforcement agents pursuant to subpoena, warrant, or in the course of an investigation of criminal wrong-doing in accord with Paragraph 5(e) above.

9. If unredacted "Confidential" documents produced in accordance with this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the party that produced the documents, shall make every possible effort to prevent any further disclosure by it or by the person(s) who received such documents.

10. This Protective Order shall not restrict disclosure of unredacted "Confidential" documents to the Court, its personnel, or any appellate court or federal district court in accordance with this paragraph. All materials filed with this Court that include documents containing unredacted confidential personal information designated "Confidential," or confidential personal information taken from such documents, shall be filed with personal confidential information redacted. If, however, the confidential personal information is relevant and necessary evidence and therefore cannot be redacted, the parties agree they will seek to file all such documents under seal.

11. No documents will be presented to the Court under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II. J., and the chambers' rules, with respect to filing documents under seal. If opposing counsel, or the person or entity that has custody and

control of the document, wishes to oppose the application, such person or entity must contact the chambers of the judge who will rule on the application, and notify the judge's staff that an opposition to the application will be filed. .

12.     If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information, if any, shall be filed and made a part of this public record.  The document may be redacted to eliminate confidential material.  The document shall be titled to show that it corresponds to a document filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

13.     Plaintiffs' attorneys, upon request, shall return any and all documents and materials disclosed pursuant to this Stipulation and Order to Charles E. Bell, Jr., Esq., Deputy City Attorney, Office of City Attorney, 1200 Third Avenue, Suite 1100, San Diego, CA 92101, immediately upon formal termination of this case.

14.     Upon final adjudication of this Proceeding, unless otherwise agreed to in writing by an attorney for the producing party, any party that has received unredacted "Confidential" documents  shall, after storing them for the period of time called for by contract, State Bar guidelines, or any applicable state or federal law, destroy such unredacted "Confidential"  documents, including any copies, summaries or compilations of such documents which contain the unredacted "Confidential" information.

15.     The terms of this Protective Order shall survive and remain in full force and effect after the termination of the Proceeding.

16.     The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

IT IS SO ORDERED.

Dated:  July 25, 2016

DAVID H. BARTICK
United States Magistrate Judge