UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JESUS LOBATON, an individual; HEDY JULCA, an individual; DIEGO STEVEN LOBATON, an individual; and "B.C.," a minor, by and through his mother and guardian *ad litem*, Hedy Julca,<br><br>        Plaintiffs,<br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation; NATHAN PARGA, an individual; KELVIN LUJAN, an individual; SAM EULER, an individual; ALI BAKHSHI, an individual; and DOES 1 through 200, inclusive.<br>        Defendants. | Case No. 15-cv-1416 GPC (DHB)<br><br>**REPORT AND RECOMMENDATION RE: PETITION OF GUARDIAN *AD LITEM* FOR COMPROMISE OF MINOR'S DISPUTED CLAIM**<br><br>**[ECF No. 42]** |

  Before the Court is the *ex parte* petition of Hedy Julca, mother and court-appointed guardian *ad litem* of minor Plaintiff B.C., for approval of the compromise of B.C.'s disputed claim. (ECF No. 42.) This Report and Recommendation is submitted to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. For the reasons discussed below, the Court recommends that the District Court **GRANT** the Petition.

1

## I. Background

Plaintiff B.C. is a minor appearing by and through his mother and court-appointed *guardian ad litem* Hedy Julca. (*See* ECF No. 8.) The operative complaint alleges that Plaintiff B.C. suffered serious emotional distress when several San Diego Police Officers forcefully entered the mobile-telephone store in which Plaintiff and his family were living and physically assaulted and injured Plaintiff's mother and her adult son, Luis Lobaton. (ECF No. 3 at 29–31.) Plaintiff, approximately three feet from the physical confrontation, witnessed the assault upon his mother and brother and their being led out of the store in handcuffs. (*Id.*) The incident occurred on July 29, 2014, and lasted approximately ninety seconds. (ECF No. 49 at 2.) Plaintiff was three years old at the time. (*Id.*)

In the weeks that followed the incident, Plaintiff became more dependent on his mother and less verbally expressive. (*Id.* at 3.) He also expressed a fear of the police. (*Id.*) Because of these behavioral changes, Plaintiff's mother sought emotional counseling for Plaintiff. (*Id.*) In total, Plaintiff attended 27 one-hour counseling sessions over a period of ten months. (*Id.*) His counseling sessions concluded when his behavioral symptoms resolved and his counselor recommended no further treatment. (*Id.*) Plaintiff is now five years old, and he behaves and expresses himself at an age-appropriate level. (*Id.* at 3, 10.)

Plaintiffs commenced the instant action on June 26, 2015. (ECF No. 1.) The parties reached a settlement agreement at a settlement conference before Magistrate Judge Louisa S Porter on December 8, 2016. (ECF No. 34.) On April 25, 2017, Plaintiff's guardian *ad litem* filed the instant Petition setting forth the terms of the settlement and the intended distribution of the settlement proceeds. (ECF No. 42.) At the request of the Court, on May 23, 2017, Plaintiff's guardian *ad litem* filed a supplemental brief in support of the Petition. (ECF No. 49.)

## II. Discussion

This Court's Local Civil Rule 17.1 addresses settlements for minors and provides in pertinent part:

> **Order or Judgment Required**. No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.

CivLR 17.1(a).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interest are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*.").

The Ninth Circuit in *Robidoux v. Rosengren* established that district courts reviewing the settlement of a minor's claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d at 1181–82. They should also "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

///

*Robidoux*, however, expressly limited its holding to cases involving the settlement of a minor's federal claims, noting that it did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2. Nevertheless, some district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well. *Frary v. Cty. of Marin*, No. 12-cv-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015); *see also Mitchell v. Riverstone Residential Grp.*, No. Civ. S-11-2202 LKK/CKD, 2013 WL 1690641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). Other district courts have declined to apply the *Robidoux* rule to state law claims in diversity jurisdiction cases. *See, e.g.*, *Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *2 (E.D. Cal. June 28, 2016).

Here, the claim pursued by Plaintiff B.C. is a state law claim of negligent infliction of emotional distress. (*See* ECF No. 3 at 29–31.) Although Plaintiff B.C.'s claim is a state law claim, this is not a diversity jurisdiction case. Rather, it is the federal claims of the adult plaintiffs in this case that give rise to this Court's jurisdiction, and the Court has supplemental jurisdiction over B.C.'s state law claim pursuant to 28 U.S.C. § 1367(a). Therefore, this Court concludes that application of the rule in *Robidoux* is appropriate to evaluate the settlement of Plaintiff B.C.'s claim in this case.

Minor Plaintiff B.C., through Petitioner, has agreed to settle his claim against Defendants for a total sum of $10,000.00. (ECF No. 42 at 3.) The parties agree that Defendants will pay this amount to B.C. in exchange for B.C.'s release of his claim against Defendants. (*Id.* at 3–4.) No costs or attorneys' fees will be deducted from the total settlement amount to be paid to B.C.,[1] and Petitioner plans to pay for B.C.'s past counseling

---

[1] The parties have agreed to a separate sum for the collective Plaintiffs' costs and attorneys' fees. (ECF No. 42 at 3.) The reasonableness of these costs and fees will be decided by United States District Judge Gonzalo P. Curiel in a subsequent, separate order.

expenses, a total amount of $3,180.00 (ECF No. 49 at 4), from her share of the settlement proceeds. (ECF No. 42 at 3.) B.C.'s settlement fund will be placed in a blocked account at a federal-chartered bank, B.C.'s mother will be the trustee of the account, and no sum can be withdrawn from the account absent an order of this Court. (ECF No. 42-1 at 4.)

After considering the Petition and the supplemental brief filed in support of the Petition, the Court concludes that the settlement of minor Plaintiff B.C.'s claim is fair and reasonable under *Robidoux*. Plaintiff suffered only modest emotional injuries as a result of the July 29, 2014 incident, and he was able to recover fully from his emotional injuries in under a year. Moreover, as set forth in the supplemental brief, Plaintiff B.C. faced many obstacles to prevailing at trial, creating significant uncertainty as to his ability to obtain a substantial judgment. Furthermore, no attorneys' fees or legal costs will be deducted from Plaintiff's settlement amount, and the cost of Plaintiff's emotional counseling will be paid from the settlement proceeds awarded to Plaintiff's mother. Finally, the settlement amount awarded to Plaintiff is commensurate with recoveries in similar cases.[2]

## III. Conclusion

For the reasons discussed above, the Court concludes that Plaintiff B.C.'s settlement is fair and reasonable and it serves Plaintiff's best interests. Accordingly, the Court recommends that the Petition of Guardian *ad Litem* for Compromise of Minor's Disputed Claim (ECF No. 42) be **GRANTED**. The Court further recommends that:

---

[2] *See, e.g.*, *Smith v. City of Stockton*, 185 F. Supp. 3d 1242 (E.D. Cal. 2016) (approving settlement sum of $11,873.94 to minor who witnessed her brother be tackled and restrained by police officer, bitten by police dog, and then arrested); *Dumas v. City of Elk Grove*, No. CIV2:09-cv-1573-GEB-JFM, 2012 WL 2116390 (E.D. Cal. June 6, 2012) (approving settlement amount of $18,750 to seven-year-old daughter who witnessed police officers arrest and use excessive force against her mother) (relevant facts derived from *Dumas v. City of Elk Grove*, No. CIV2:09-cv-1573-GEB-JFM, 2011 WL 2173727 (E.D. Cal. June 2, 2011)); *Parson v. City of Bakersfield*, No. 1:07cv01468 OWW DLB, 2009 WL 453118 (E.D. Cal. Feb. 23, 2009) (approving settlement of $3,750 to minor who woke up and realized that his father had been shot by police officer); *Hearn v. Philadelphia Police Officer Fuss*, No. Civ.A.02-3525, 2004 WL 345412 (E.D. Penn. Feb. 23, 2004) (approving settlement of $2,000 each to minors who suffered emotional distress after witnessing police officers enter home and use excessive force against their father).

1. Within 72 hours of Petitioner's receipt of Plaintiff B.C.'s settlement fund, Petitioner shall deposit the balance of the settlement fund into a blocked account belonging to Plaintiff B.C.;

2. No withdrawals of principal or interest may be made from the blocked account belonging to Plaintiff B.C. without a further written order under this case name and number, signed by a judge, and bearing the seal of this court, until B.C. attains the age of 18 years; and

3. When B.C. attains the age of 18 years, the depository, without further order of this Court, shall pay by check or draft directly to the former minor, upon proper demand by the former minor, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

Dated: May 26, 2017

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge