UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JESUS LOBATON, an individual; HEDY JULCA, an individual; DIEGO STEVEN LOBATON, an individual; and "B.C.," a minor, by and through his mother and guardian *ad litem*, Hedy Julca<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation; NATHAN PARGA, an individual; KELVIN LUJAN, an individual; SAM EULER, an individual; ALI BAKHSHI, an individual; and DOES 1 through 200, inclusive.<br><br>Defendant. | Case No.: 3:15-cv-1416-GPC-DHB<br><br>**ORDER GRANTING PETITION OF GUARDIAN *AD LITEM* FOR COMPROMISE OF MINOR'S DISPUTED CLAIM**<br><br>**[Dkt. No. 42]** |

Before the Court is the *ex parte* petition of Hedy Julca, mother and court-appointed guardian *ad litem* of minor Plaintiff B.C., for approval of the compromise of B.C.'s disputed claim. Dkt. No. 42. United States Magistrate Judge Burkhardt filed a Report and Recommendation granting the petition. Dkt. No. 50. Based upon the Court's review of the moving papers, the law, and for the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** the Petition.

## BACKGROUND

On June 26, 2015, Plaintiffs, Hedy Julca ("Petitioner"), and her children, Luis Jesus Lobaton ("Luis"), Diego Steven Lobaton, and B.C. ("Plaintiff"), commenced the instant action. Dkt. No. 1. The complaint alleges that when Plaintiff was three years old, he witnessed several San Diego police officers break into his family's store and violently assault, handcuff, and forcibly take away his mother and brother Luis. Dkt. No. 3 at 30. As a result, Plaintiff B.C. suffered "serious emotional distress" and asserted a negligent infliction of emotional distress claim against Defendants. *Id.* at 29-31.

In the weeks following the incident, Petitioner noticed that B.C. had become "more dependent on her," "less verbal," and fearful of the police. Dkt. No. 49 at 3. "Because of these behavioral changes," Petitioner took B.C. to counseling sessions approximately three times per month for ten months, totaling twenty-seven sessions. *Id.* The symptoms gradually resolved. *Id.* B.C. "is now five years old, attending school, and functioning normally for a boy his age." Dkt. No. 42 at 3.

On August 27, 2015, Magistrate Judge David H. Bartick appointed Petitioner as guardian *ad litem* for Plaintiff B.C. Dkt. No. 8. On December 8, 2016, the parties reached a settlement agreement at a settlement conference before Magistrate Judge Louisa S. Porter. Dkt. No. 34.

On April 25, 2017, Plaintiff's guardian *ad litem* filed the instant Petition setting forth the terms of the settlement and the intended distribution of the settlement proceeds. Dkt. No. 42. Plaintiff B.C., through Petitioner, has agreed to settle his claim against Defendants for a total sum of $10,000. *Id.* at 3. No costs or attorney's fees will be deducted from the total amount to be paid to B.C. *Id.* at 3; Dkt. No. 49 at 4. Petitioner has indicated that she will not use B.C.'s settlement earnings to pay for B.C.'s counseling expenses, which totaled $3,180. *Id.*

On May 23, 2017, Plaintiff's guardian *ad litem* filed a supplemental brief in support of the *ex parte* petition, at the Magistrate Judge's request. Dkt. No. 49. On May

26, 2017, Magistrate Judge Jill L. Burkhardt filed a Report and Recommendation granting the Petition for the compromise of the minor's disputed claim. Dkt. No. 50.

## DISCUSSION

Fed. R. Civ. P. 17(c) provides that a district court "must appoint a guardian ad litem—or issue another appropriate order to protect a minor . . . who is unrepresented in an action." "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). Pursuant to Civil Local Rule 17.1, "[no] action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."

In considering the fairness of a minor's state law settlement, "federal courts generally require that claims by minors . . . be settled in accordance with applicable state law." *See* O'Connell & Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2017). "California law requires court approval of the fairness and terms of the settlement." *Id.* Under California state law, the court is to evaluate the reasonableness of the settlement and determine whether the compromise is in the best interest of the minor. *See Espericueta v. Shewry*, 164 Cal. App. 4th 615, 617 (Cal. Ct. App. 2008); *Anderson v. Latimer*, 166 Cal. App. 3d 667, 676 (Cal. Ct. App. 1985). Attorney fees to be paid for representing the minor must also be approved by the court. Cal. Fam. Code § 6602 ("A contract for attorney's fees for

3

3:15-cv-1416-GPC-DHB

services in litigation, made by or on behalf of a minor, is void unless the contract is approved . . . by the court in which the litigation is pending . . . ."). The court has "broad power" to "authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994) (citing Cal. Prob. Code § 3601); *see also* Cal. Civ. Code P. § 372 ("Money or property to be paid or delivered pursuant to the order or judgment for the benefit of a minor . . . shall be paid and delivered as provided in Chapter 4 (commencing with Section 3600) of Part 8 of Division 4 of the Probate Code).

The Ninth Circuit's decision in *Robidoux* set forth guidelines for determining the reasonableness of a minor's settlement. 638 F.3d at 1181-82. The *Robidoux* court, which limited its holding to federal law settlements, held that district courts are to "limit the scope of their review" of settlements involving minor plaintiffs "to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, [1] in light of the facts of the case, [2] the minor's specific claim, and [3] recovery in similar cases." 638 F.3d at 1179, 1181-82 (brackets added). Although this Court is exercising supplemental jurisdiction over a state law claim, the Court nonetheless finds *Robidoux* persuasive insofar as it provides a framework for evaluating the reasonableness and fairness of Plaintiff's settlement.[1]

Considering the Petition and the supplemental brief filed in support of it, the Court agrees with Magistrate Judge Jill L. Burkhardt's conclusion that a settlement sum of

---

[1] District courts are split on whether *Robidoux* applies when evaluating the propriety of a settlement of a minor's state law claims. Some district courts have applied the *Robidoux* rule to evaluate the propriety of a settlement of a minor's state law claims. *See Mitchell v. Riverstone Residential Grp.*, No. S-112202 LKK-CKD, 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013). Other district courts have declined to apply the *Robidoux* rule to state law claims in diversity jurisdiction cases. *See, e.g.*, *Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *2 (E.D. Cal. June 28, 2016). The Court notes that its conclusion, however, does not depend on whether *Robidoux* is binding on a district court exercising supplemental jurisdiction, as the present settlement is fair, reasonable, and in the best interest of B.C. under California and federal law.

4

3:15-cv-1416-GPC-DHB

$10,000 is reasonable in light of the facts of the case, the cause of action brought, and recoveries by similarly situated plaintiffs.

B.C. was not directly involved in the incident that led to the instant lawsuit against Defendants, but rather was a bystander. As a bystander, Plaintiff alleges that he suffered emotional injuries only, as a result of being present while his mother and brother had the altercation with police. Dkt. No. 42-1 at 3. After twenty-seven counseling sessions, Plaintiff has made a full psychological recovery. Dkt. No. 49 at 3. He is now "attending school" and "functioning normally for a boy his age." Dkt. No. 42-1 at 3.

Moreover, Plaintiff would have faced many obstacles to prevailing at trial, such as the high bar for demonstrating "serious emotional distress" under California law, the short duration of the altercation, which lasted only ninety seconds, and the presence of other stressors in B.C.'s life that could have caused B.C.'s behavioral changes. Dkt. No. 49 at 6. The supplemental brief further emphasized that even if B.C. had prevailed at trial, he likely would have been awarded "very modest" damages given that his post-incident behaviors "were not severe and were not necessarily related to this incident." Dkt. No. 49 at 6.

Lastly, the Court concludes that a settlement amount of $10,000 is commensurate with recoveries in similar cases. *See, e.g.*, *Smith v. City of Stockton*, 185 F. Supp. 3d 1242 (E.D. Cal. 2016) (approving settlement sum of $11,873.94 for minor who witnessed her brother tackled and restrained by a police officer, bitten by a police dog, and then arrested); *Dumas v. City of Elk Grove*, No. 2:09-cv-1573-GEB-JFM, 2012 WL 2116390 (E.D. Cal. June 6, 2012) (approving settlement amount of $18,750 to seven-year-old daughter who witnessed police officers arrest and use excessive force against her mother); *Parson v. City of Bakersfield*, No. 1:07-cv-01468-OWW-DLB, 2009 WL 453118 (E.D. Cal. Feb. 23, 2009) (approving settlement of $3,750 to minor who woke up and realized that his father had been shot by police officer).

Accordingly and given the nature of the harm, the obstacles to prevailing at trial, and the settlement amount received in similar cases, the Court concludes that the

settlement amount of $10,000 is fair and reasonable. Neither attorney's fees nor B.C.'s past counseling fees will be deducted from the total settlement. As such, and given that settlement is in the best interest of the child, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Petitioner's *ex parte* Petition for approval of B.C.'s minor's compromise.

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff B.C.'s settlement is fair and reasonable and serves Plaintiff's best interests. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and **GRANTS** the Petition of guardian *ad litem* for compromise of minor's disputed claims. The Court further orders:

1. Within 72 hours of Petitioner's receipt of Plaintiff B.C.'s settlement fund, Petitioner shall deposit the balance of the settlement fund into a blocked account belonging to Plaintiff B.C.;
2. No withdrawals of principal or interest may be made from the blocked account belonging to Plaintiff B.C. without a further written order under this case name and number, signed by a judge, and bearing the seal of the Court, until B.C. attains the age of 18 years; and
3. When B.C. attains the age of 18 years, the depository, without further order of the Court, shall pay by check or draft directly to the former minor, upon proper demand by the former minor, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

**IT IS SO ORDERED.**

Dated: June 16, 2017

Hon. Gonzalo P. Curiel
United States District Judge