UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JESUS LOBATON, an individual; HEDY JULCA, an individual; DIEGO STEVEN LOBATON, an individual; and "B.C.," a minor, by and through his mother and guardian *ad litem*, Hedy Julca<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation; NATHAN PARGA, an individual; KELVIN LUJAN, an individual; SAM EULER, an individual; ALI BAKHSHI, an individual; and DOES 1 through 200, inclusive.<br><br>Defendants. | Case No.: 3:15-cv-1416-GPC-DHB<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY FEES AND LITIGATION COSTS**<br><br>**[Dkt. No. 55]** |

Before the Court is the parties' Joint Motion for an Order Approving Attorneys' Fees and Litigation Costs. Dkt. No. 55. Upon review of the moving papers, the declarations and exhibits filed in support thereof, the applicable law, and for the reasons set forth below, the Court **GRANTS** the parties' request for fees and costs and awards Plaintiffs attorneys' fees and costs in the amount of $240,000.

1

## BACKGROUND

On June 26, 2015, Plaintiffs, Hedy Julca ("Hedy"), and her children, Luis Jesus Lobaton ("Luis"), Diego Steven Lobaton ("Diego"), and Bruce Chourp (B.C.), commenced the instant action. Dkt. No. 1. On August 20, 2015, Plaintiffs filed their First Amended Complaint ("FAC"). FAC, Dkt. No. 3.

The FAC alleges that on July 29, 2014, six San Diego police officers burst into Plaintiffs' store without permission or privilege and illegally assaulted, detained, and arrested Diego, Luis, and Hedy. *Id.* at 2–3. B.C. witnessed the police officers violently assault, handcuff, and forcibly take away his mother and brother Luis. *Id.* at 30. As a result of their injuries, Plaintiffs brought claims under 42 U.S.C. § 1983 as well as various other state law causes of action, including assault, battery, violation of California constitutional rights, false arrest/imprisonment, negligent infliction of emotional distress, invasion of privacy, and negligence. *See generally* FAC.

On December 8, 2016, the parties reached a settlement agreement at a conference before Magistrate Judge Louisa S. Porter. Dkt. No. 34. On April 25, 2017, B.C.'s guardian *ad litem*, Hedy, filed a petition for compromise of minor B.C.'s disputed claim. Dkt. No. 42. That same day, Plaintiffs and Defendants filed a joint motion for attorney fees and litigation costs. Dkt. No. 43.

On June 16, 2017, the Court denied the parties' joint motion for attorney fees and litigation costs, but granted the petition for compromise of the minor's disputed claim. Dkt. Nos. 51, 52. The Court denied the parties' joint motion for attorney's fees because the motion did not provide the Court with the information it required to assess the reasonableness of those fees. Dkt. No. 51 at 2 ("To the extent that the parties wish for the Court to assess the reasonableness of the attorney's fees pursuant to 42 U.S.C. § 1988, they must provide the Court with the information and argument it requires to make a reasonableness determination under binding precedent in this Circuit."). On July 3, 2017, the parties supplemented its request and filed a revised joint motion for attorney fees and

litigation costs that included a memorandum of points and authorities, and exhibits, in support of the motion. Dkt. No. 55 at 1–3.

## **DISCUSSION**

The Civil Rights Attorney's Fees Awards Act of 1976 provides that in specified civil rights litigation, district courts "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988; *see also City of Riverside v. Rivera*, 477 U.S. 561, 567 (1986). "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal citations omitted). The parties agree that Plaintiffs are prevailing parties in light of their settlement, *see* Dkt. No. 52, and that plaintiffs, therefore, are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988. Dkt. No. 55-1 at 1. Accordingly, the only remaining question before the Court is whether the requested fees are reasonable.

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number or hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). This initial estimate, known as the "lodestar" figure, provides "an objective basis on which to make an initial estimate of the value of a lawyer's services." *See Hensley*, 461 U.S. at 433; *City of Riverside*, 477 U.S. at 561–62. The lodestar figure is presumed to be the reasonable fee contemplated by § 1988. *Id.* at 568.

"Adjustments to that fee then may be made as necessary in the particular case." *Blum*, 465 U.S. at 888. The district court should exclude from the initial fee calculation "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (internal citations omitted). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary[.]" *Id.* at 434. Where a plaintiff has achieved "only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. The "results obtained," therefore, is a key factor to be

taken into account when adjusting the lodestar figure upward or downward. *See City of Riverside*, 477 U.S. at 568; *see Hensley*, 461 U.S. at 436 (finding that "the most critical factor is the degree of success obtained"). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee, and the fee award should not be reduced simply because the plaintiff fails to prevail on every contention raised in the lawsuit." *City of Riverside*, 477 U.S. at 562.

The district court "necessarily has discretion in making this equitable judgment," subject to the considerations discussed above. *Hensley*, 461 U.S. at 437; *see Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) (observing that the "district court has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, we defer to its determination[.]"). "[W]hile it is appropriate for a district court to have discretion in determining the amount of a fee award in view of its superior understanding of the litigation, it remains important for the district court to provide a concise but clear explanation of its reasons for the fee award." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (citing *Hensley*, 461 U.S. at 437).

### A. Reasonable Hourly Rates

To determine a reasonable attorney's fee award under the lodestar approach, a court first considers whether Plaintiffs' counsel's hourly rates are reasonable. *See Blum*, 465 U.S. at 888. When evaluating the reasonableness of an hourly rate, the court looks to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal citations omitted). In this case, the relevant community is the Southern District of California because it is "the forum in which the district court sits." *Id.* The burden is on the party requesting attorney's fees to produce "satisfactory evidence, in addition to the affidavits of counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also Blum*, 465 U.S. at 895 n.11. Evidence that a court

should consider includes "[a]ffidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney[.]" *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The Ninth Circuit has articulated a number of factors the district court should consider in determining the reasonable hourly rate. Those factors include experience, reputation, and ability of the attorney; the outcome of the results of the proceeding; the customary fees; and the novelty or the difficulty of the question presented. *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by* 505 U.S. 557 (1992). The existence of a contingent fee arrangement is also an element to consider in analyzing fee petitions under *Kerr*. *Id.*

**B. Reasonable Hours Expended**

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Deukmejian*, 987 F.2d at 1397. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . ." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). However, courts may reduce the allowable hours if they are inadequately documented, duplicative, excessive or otherwise unnecessary. *See Chalmers*, 796 F.2d at 1210.

**C. Analysis**

For the following reasons, the Court finds that an award of $240,000 in attorneys' fees and costs is reasonable under prevailing precedent.

Two attorneys represented Plaintiffs during these proceedings: Randall B. Hamud and Michael R. Marrinan. Dkt. Nos. 55-2, 55-5. Hamud began his representation on August 4, 2014. Dkt. No. 55-2 at 3. At the time he was hired, Hamud had been practicing law since 1971, that is, for over 43 years. *Id.* From 1971 to 1978 he worked as a Deputy City Attorney for the cities of Compton and Los Angeles. *Id.* Subsequently he became in-house counsel at the Los Angeles headquarters of the ARCO oil company.

*Id.* Since 1985, Hamud has been a solo-practitioner in San Diego and has garnered praise for his solo practice. *Id.* In 2001, he represented three young Muslim-Arab men who were arrested in San Diego after the fallout from the 9/11 attacks. *Id.* His representation of those three men, in turn, led the San Diego local bar to recognize him as an "Outstanding Advocate." *Id.*

Marrinan joined the case in May 2015 after he was approached by Hamud for his expertise in police misconduct cases. Dkt. No. 55-2. Marrinan had been practicing criminal and civil law for 36 years at the time he joined the case. For seven years, he worked as an adjunct professor at the University of San Diego School of law, where he taught a class on trial practice. Dkt. No. 55-5. Since then, he has been a faculty member at various seminars specializing in 42 U.S.C. § 1983 litigation. *Id.* Through these seminars, he has had the opportunity to speak to U.S. Border Patrol agents and California police officers about civil rights issues. *Id.* By 2015, Marrinan had been specializing in police misconduct civil rights cases for over twenty years. *Id.*

Accordingly, the Court concludes that the experience, reputation, and abilities of these lawyers weighs in favor of finding that the instant request for $240,000 in attorneys' fees is reasonable. Hamud spent over 680 hours on this case before it settled and Marinnan spent 57 hours on it. Dkt. Nos. 55-2, 55-3. And by agreeing to take this case on a contingent fee basis, both risked receiving no compensation whatsoever for their time or effort. Dkt. No. 55-1. As such and especially considering their backgrounds, expertise, and the prevailing rates in this district, it would have been appropriate for this Court to set their fees at $825.00 per hour. *See* Exhibit 6, *Medina v. Metropolitan*, Case No. 12-cv-0460-JM-MDD (awarding Eugene Iredale, an attorney with 37 years of experience, with $850 per hour); Exhibit 7, *Makeaff v. Trump University*, Case No. 10-cv-0940-GPC-WVG (awarding attorney with thirty years of experience at $825 per hour); Exhibit 8, *Grant v. Capital Mgmt. Servs.*, Case No. 10-cv-2471-WQH-BGS (setting fees for attorney with 34 years of experience at $875 per hour); Exhibit 9, *In re Siliken Mfg. USA, Inc.*, Case No. 13-00119-CL-11 (where bankruptcy

judge set attorneys' fees at $840 and $890 per hour for counsel with 28 years of experience). Had this Court set Hamud and Marinnan's rate at $825 per hour, the lodestar calculation would have been $298,650.00 for Hamud and $43,477.50 for Marinnan, exclusive of clerk tasks and legal costs.

The joint motion, however, does not ask this Court to set an hourly rate for the attorneys' fees, because the parties agreed on an award of $240,000. After the settlement conference with Magistrate Judge Porter, Plaintiff's counsel submitted their timesheet to Defendants and indicated that they would be seeking $381,877.50 in attorneys' fees and costs. Dkt. No. 55-5 at 6. After reviewing the timesheets, counsel for Defendants identified a number of hours that Defendants would object to if the matter were to be litigated. *Id.* With these objections in mind, the parties conducted several rounds of negotiations that resulted in the agreed-upon amount of $240,000 in attorneys' fees and costs.

The attorneys' fees and costs currently sought represent a significant reduction from the fees and costs that Plaintiff's counsel calculated using the lodestar method. Whereas Plaintiff's counsel stated that they accrued $381,877.50 in attorneys' fees and costs in litigating this case, they agreed to accept less than two-thirds of that amount after deliberation with Defendants. Accordingly and given this substantial reduction, the fact that the Court would have set Plaintiff's counsel's fees at $825, and that the parties agreed that the reduction fairly accounted for the adjustments that Defendants would have sought from this Court, the Court concludes that the award of $240,000 in attorneys' fees and costs is reasonable.

## **CONCLUSION**

The Court finds that the amount of fees and costs requested by the parties is fair and reasonable. Accordingly, the Court **GRANTS** the parties' joint motion for attorneys' fees and litigation costs in this matter and **ORDERS** Defendant to pay Plaintiffs' counsel $240,000 in total for attorneys' fees and costs.

/ / / /

**IT IS SO ORDERED.**

Dated: August 22, 2017

Hon. Gonzalo P. Curiel
United States District Judge